

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00264-CV

_____

PATRICIA ANN BOGAN, Appellant

V.

DENTON COUNTY DISTRICT ATTORNEY, DENTON COUNTY SHERIFF'S DEPARTMENT, CITY OF DENTON POLICE DEPARTMENT, AND CITY OF DENTON MAYOR'S OFFICE, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 18-3417-431

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion Justice Wallach

# MEMORANDUM OPINION

Patricia Ann Bogan appeals from the trial court's grant of the pleas to the jurisdiction filed by Appellees the Denton County District Attorney (the District Attorney), the Denton County Sheriff's Department (the Sheriff), the City of Denton Police Department (the Police), and the City of Denton Mayor's Office (the Mayor) (collectively Appellees). Because Bogan does not challenge the grounds on which the trial court granted the pleas, we affirm.

## Background

In her "3rd Amended Supplemental Petition, Request for Injunction, Request for Admissions, Request for Disclosure," Bogan's main complaint appeared to be that she had been subjected to electronic surveillance for decades, beginning in the early 1990s and continuing through at least April 2018. She did not make clear who was responsible for the surveillance. Bogan alleged that in June 1990, "after leaving Moore Business Forms Denton Texas[1] after the situation escalated with the [manager and the supervisor] regarding the two of them not wanting [her] to have the job," she began "experiencing problems with libel on the job, with Electronic Surveillance during and after leaving Moore." She stated that she had been told that the spouse of Denton police officer Roger White "wanted to have the job." She alleged a number of complaints about former coworkers, neighbors, a realtor, and a jailer with the

---

[1]In an earlier filing, Bogan stated that she had been employed with Moore Business Forms from 1982 to 1990.

2

Denton Sheriff's department who she alleged once "ran [her] down in the streets." She stated that she filed her complaint "[d]ue to the nature of the ongoing problem with the laser (coherent lights) and the attacks from the laser with excessive radiation," which she alleged were causing her various health issues. It is not clear from her petition what the laser is or who is responsible for it. She made other allegations in her petition that are unclear and not clearly connected to actions of Appellees. Under a section labeled "Cause of Action," Bogan alleged personal injury resulting from electronic and drone surveillance and "[o]n the job harassment with [a] laser." In one sentence, she stated that sovereign immunity had been waived under Section 101.025 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (providing that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this chapter").

Each defendant filed an answer, special exceptions, affirmative defenses, and a plea to the jurisdiction. The District Attorney's plea to the jurisdiction asserted that Bogan had failed to "identify the state statutory basis upon which [she] bases her claims" and "does not explain how the claim escapes governmental immunity from suit." It pointed out that to invoke a trial court's jurisdiction over a claim, a claimant "must plead a legal and factual cause of action within the expressed terms of the Texas Tort Claims Act or other statutory waiver of immunity" and argued that Bogan had failed to allege a valid cause of action under Texas Civil Practice and Remedies Code Section 101.021(2), to "specifically reference the statutory waiver of

3

governmental immunity from suit," and to "identify the recoverable damages for which immunity is waived." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (providing that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law"). The Sheriff and the City of Denton (the City), on behalf of the Mayor and the Police, filed pleas that were essentially identical to the District Attorney's. The Sheriff further asserted that it is a non-jural entity that lacks the capacity to be sued, and the City made the same assertion on behalf of the Mayor and the Police. While Bogan filed her third amended supplemental petition after Appellees filed their pleas to the jurisdiction, she did not file a separate answer to the pleas.

After a hearing, the trial court granted each plea to the jurisdiction in separate orders that dismissed Bogan's claims with prejudice. Bogan now appeals.

**Discussion**

On appeal, Bogan brings two issues: (1) "[th]e appellee/defendant continues to refer to the original petition and not the 3rd amended supplemental petition in his judgment/decision," and (2) "[a] present violation constitutes an ongoing continuous tort." In her framing of her second issue, she also sets out Article 18A.107 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 18A.107 (setting out the length of time for which a court may authorize an order for interception of wire, oral, or electronic communications).

4

In her arguments, Bogan asserts that the trial court "erred in that he excluded the 3rd supplemental amended petition as a reason not to proceed as requested in answering discovery or [to] proceed with the case" and by "exclud[ing] consideration of amendment as to reflect ongoing continuous tort violation of Electronic Surveillance with assaults and the lethality of the weapon being used." She further challenges the City's responses to her interrogatories as inadequate and argues that various people, including a Denton police officer, had trespassed on her property without probable cause.

Counties and cities are entitled to governmental immunity and thus to immunity from suit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "The Texas Tort Claims Act provides a limited waiver of governmental immunity if certain conditions are met." *Id.* However, nowhere in Bogan's brief does she argue that she pled a valid waiver under the Texas Tort Claims Act or other statutory waiver of immunity other than to state that she "filed a 3rd amended petition on June 13, 2019 with proper jurisdictional procedure and waiver of immunity etc." While she acknowledges that Appellees "objected due to a Lack of Jurisdiction [and] sovereign immunity," she does not explain how her pleadings state a claim for which Appellees' governmental immunity has been waived. She asserts that she finds it "absurd that law enforcement is being allowed to continue in tort; attacking [her] with a lethal nuclear weapon relating to medical malpractice," but it is unclear how this assertion

5

relates to her pleaded claims or who she alleges has been attacking her with a lethal weapon.

To succeed on an appeal from a judgment or order granting a plea to the jurisdiction, an appellant must challenge each ground on which the appellee sought judgment and which may have supported the trial court's judgment or order. *S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.). If an unchallenged ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that ground, then this court must accept the validity of that unchallenged ground, and, because the unchallenged ground fully supports the complained-of judgment or order, we must affirm the judgment or order. *Id.*; *see also Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that when a trial court grants, without specifying grounds, a plea to the jurisdiction that is based on multiple grounds, and the appellant does not challenge each ground, the court of appeals must affirm on the unchallenged ground). Bogan does not argue in her brief that her pleadings assert claims for which immunity has been waived and that the entities she sued all had the capacity to be sued, and, as such, we must affirm the trial court's granting of the pleas to the jurisdiction.

Bogan does argue in her brief that the trial court excluded her third amended supplemental petition and should have allowed her time to amend her petition. As to her complaint about the exclusion of her amended pleading, the record does not

6

support her claim. Rather, the trial court specifically acknowledged her third amended supplemental petition at the hearing on the pleas to the jurisdiction.

As for the opportunity to replead, the record does not show that Bogan requested and was denied the opportunity to file an amended pleading. We further note that Bogan filed her third amended supplemental petition nearly a year after the District Attorney filed its plea to the jurisdiction, ten months after the Sheriff filed its plea to the jurisdiction, and over a month after the City filed its plea to the jurisdiction. Bogan thus "had the opportunity to, and did in fact, amend [her] pleadings in the trial court" after Appellees filed their pleas to the jurisdiction. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016).

Finally, "a pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). From Bogan's third amended supplemental petition, it did not appear that she had alleged facts indicating that her injuries were caused by Appellees' use of tangible personal property or by a condition on Appellees' real property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). Instead, she complained about the acts of nonparties at a job she held decades before; electronic surveillance by an unspecified person or persons; and lasers of an unspecified type, used in an unspecified way and by an unspecified person. She also complained about tampering with evidence by the Smith County District Attorney's office and listed complaints she had filed with other law enforcement or investigative

7

agencies, including the FBI. Bogan does not explain in her brief how she could amend her petition to establish a waiver of immunity for the claims she asserted, either under Section 101.021(2) or some other waiver of immunity. She does not argue that the trial court was incorrect to conclude that the Sheriff, the Police, and the Mayor lack the capacity to be sued or explain how she could allege facts to show that they had such capacity. *See Delgado v. River Oaks Police Dep't*, No. 02-15-00205-CV, 2016 WL 6900900, at *1 (Tex. App.—Fort Worth Nov. 23, 2016, no pet.) (mem. op.) (holding that the appellant had waived his complaint regarding the trial court's finding that the defendant police department lacked the capacity to be sued and waived his complaint that the trial court should have afforded him the opportunity to amend his pleading). She does not contend that the jurisdictional bar to her claims arose from a lack of factual allegations—which she could fix with an amendment—rather than from the nature of her claims. *See Clint Indep. Sch. Dist.*, 487 S.W.3d at 559 (holding that where the appellees suggested they could cure their pleading defects not by adding more jurisdictional facts but by changing the claims they brought, they were not entitled to a remand for an opportunity to amend their pleadings). Accordingly, she has not shown that she was entitled to the opportunity to again amend her pleadings.

We overrule Bogan's two issues.

## Conclusion

We affirm the trial court's orders dismissing Bogan's claims with prejudice.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  December 31, 2019