

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00280-CV

S.W., AS NEXT FRIEND OF A.W.          APPELLANT

V.

ARLINGTON INDEPENDENT          APPELLEES
SCHOOL DISTRICT AND LINDSEY
FOSTER

----------

## FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Appellant S.W., as next friend of her daughter A.W., appeals the trial court's order granting the plea to the jurisdiction of appellees Arlington Independent School District (AISD) and Lindsey Foster. We affirm.

**Background Facts**

In appellant's September 2012 original petition, she pled that in December 2011, A.W., who was twelve years old and had costochondritis[1] at the time, had attended a physical education class taught by Foster. Appellant alleged that because some of A.W.'s schoolmates were late to the class, Foster required all students in the class to perform "explosions,"[2] bear crawls, sprints, and push-ups. According to appellant, Foster was aware of A.W.'s medical condition, and A.W. reported to Foster that she had soreness and difficulty completing the exercises.

Appellant pled that in the days after A.W. completed the exercises, she experienced severe pain, was unable to sit or sleep, and had blood in her urine. After a "series of diagnostic tests, physicians determined that [A.W.] was suffering from Rhabdomyolysis."[3] Appellant pled that A.W. spent about a week in the hospital but still had significant pain upon her release.

From these factual assertions, appellant initially brought a claim for negligence against only AISD, pleading that AISD was liable for the acts of its

---

[1]Costochondritis is "[i]nflammation of one or more costal cartilages, characterized by local tenderness and pain of the anterior chest wall." Stedman's Medical Dictionary 450 (28th ed. 2006).

[2]Appellant pled that an "explosion" is a high-intensity exercise in which an individual begins from a squatting position and jumps toward the sky with arms extended.

[3]Rhabdomyolysis is an "acute, . . . potentially fatal disease of skeletal muscle." *Id.* at 1688.

agent or employee, presumably Foster. Appellant sought damages related to A.W.'s medical expenses, her pain and suffering, her physical impairment, her loss of past and future earnings, and her mental anguish. Later in 2012, appellant amended her petition to add Foster as a defendant, contending that Foster was also negligent.

Appellees filed a plea to the jurisdiction, contending that the trial court lacked subject matter jurisdiction over appellant's claims. Specifically, appellees asserted that AISD was sovereignly immune from appellant's suit, that Foster was statutorily[4] and governmentally immune from the suit, that appellant had not exhausted administrative remedies with respect to her claims against Foster, and that section 101.106(e) of the civil practice and remedies code barred appellant's claims against Foster.[5] Appellees also filed a brief that supported their plea and expounded on its arguments.

After appellees filed their plea, appellant again amended her petition. In her third amended petition,[6] appellant alleged that while A.W. was in the hospital, "O.J. Kemp of [AISD]" had visited her and stated, "[T]his is our fault, we own this,

---

[4]*See* Tex. Educ. Code Ann. § 22.0511(a) (West 2012).

[5]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

[6]Our record contains an original petition, a first amended petition, and a third amended petition.

3

[and] we are going to take care of this."[7]  Appellant also alleged that pursuant to an instruction from AISD's superintendent, she had gathered and submitted A.W.'s medical records.  Appellant amended her causes of action to include only negligence and excessive force claims against Foster and only a promissory estoppel claim against AISD, expressly relying on Kemp's statement in the hospital.

Appellant also filed a response to the plea.  She argued that she had not filed a claim under chapter 101 of the civil practice and remedies code, that she had exhausted administrative remedies by attending meetings and by following instructions to submit medical bills, that she could satisfy all elements of a promissory estoppel claim against AISD, that justice required application of promissory estoppel because Kemp had communicated the "express will of the [school] board" to pay for A.W.'s medical expenses, and that section 22.0511 of the education code supported her claims against Foster.

After holding a hearing for argument only,[8] the trial court granted appellees' plea to the jurisdiction and ordered appellant to pay $8,162.70 for

---

[7]Appellant represents that Kemp was a member of AISD's school board; appellees argue that Kemp was AISD's athletic director and never served as an elected official.  On appeal, appellant contends that Kemp's alleged statement was "obviously made with the [school board's] knowledge and was the express will of the board."  The record does not support this assertion.

[8]At the hearing, appellant admitted that her claims did not fall within any waiver of immunity under the Texas Tort Claims Act.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (West 2011 & Supp. 2013).

4

Foster's attorney's fees and costs. Appellant filed a motion for new trial, which the trial court denied by operation of law.[9] She then brought this appeal.

**Standard of Review**

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject matter jurisdiction without regard to the merits of the claim. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Big Rock Investors Ass'n v. Big Rock Petroleum, Inc.*, 409 S.W.3d 845, 848 (Tex. App.—Fort Worth 2013, pet. denied). The plaintiff bears the burden of alleging facts that affirmatively establish subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Big Rock Investors Ass'n*, 409 S.W.3d at 848. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

When reviewing a trial court's order dismissing a case for lack of jurisdiction, we liberally construe the plaintiff's pleadings in favor of jurisdiction and look to the pleader's intent. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012), *cert. denied*, 133 S. Ct. 1999 (2013); *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). "Applying this view of the pleadings . . . , whether the trial court has subject matter jurisdiction is a question

---

[9]*See* Tex. R. Civ. P. 329b(c).

5

of law that we review de novo." *Big Rock Investors Ass'n*, 409 S.W.3d at 848; *see Waterway Ranch, LLC v. City of Annetta*, 411 S.W.3d 667, 682 (Tex. App.—Fort Worth 2013, no pet.). Immunity from suit is properly asserted in a plea to the jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009).

**The Claims Against Foster**

In her third amended petition, appellant pled claims against Foster exclusively under section 22.0511 of the education code, although appellant had sued only AISD originally and had pled only a common-law negligence claim against Foster in her first amended petition. Section 22.0511 grants immunity to a professional school district employee but creates an exception to the immunity when the employee "uses excessive force in the discipline of students or negligence resulting in bodily injury to students." Tex. Educ. Code Ann. § 22.0511(a); *Robinson v. Brannon*, 313 S.W.3d 860, 865 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Appellant argued in the trial court that Foster's requiring A.W. to complete strenuous exercises while knowing of A.W.'s compromised medical condition was negligent and qualified as excessive force under section 22.0511. On appeal, appellant contends in her second issue that AISD waived immunity on Foster's behalf through its conduct, and appellant argues in her third issue that the trial court erred by granting appellees' plea to the jurisdiction because she exhausted administrative remedies before filing the lawsuit and because appellees are "estopped to deny otherwise."

6

With respect to Foster, however, we need not resolve any of these arguments because the trial court's order granting Foster's plea to the jurisdiction may be supported by a ground that appellant does not challenge on appeal—the application of section 101.106(e) of the civil practice and remedies code. In appellees' plea, they contended, "[Appellant's] claim against . . . Foster is barred by statute via Texas Civil Practice & Remedies Code Section 101.106(e)." In the brief supporting the plea, appellees contended,

> [Appellant] made the mistake of bringing a state tort claim against AISD and Foster. Having done so, she has made an "irrevocable election . . . [that] immediately and forever bars any suit or recovery by the plaintiff against . . . [Foster] . . . regarding the same subject matter." [Appellant] cannot amend out of this, as Foster has been irrevocably barred from suit being brought against her. The bar is a bar against suit, *regardless of the causes of action* . . . . Plus, the Court cannot delay any further this outcome, as Texas Civil Practices and Remedies Code § 101.106(e) states:
>
> > If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall *immediately be dismissed* on the filing of a motion by the governmental unit.
>
> In other words, the Court does not even have an option; the legislature has said the Court shall immediately dismiss Foster in this matter. [Footnotes omitted.]

Appellant's response in the trial court included an argument concerning section 101.106(e). The trial court's order stated in part, "Foster's plea to the jurisdiction *and/or statutory bar under . . . § 101.106(e) is hereby granted*." [Emphasis added.] In her brief on appeal, however, appellant does not discuss or cite section 101.106(e).

7

To succeed on appeal from an order granting a plea to the jurisdiction, an appellant must successfully challenge all independent grounds that the appellee sought judgment on and that may have supported the trial court's judgment or order. *City of Mont Belvieu v. Enter. Prods. Operating, LP*, 222 S.W.3d 515, 519 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied) ("An appellant must attack all independent grounds that fully support an adverse ruling. If he fails to do so, then we must affirm." (citations omitted)); *Garcia v. Pharr, San Juan, Alamo ISD*, 513 S.W.2d 636, 641 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.). In other words, if an independent ground may fully support the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we "must accept the validity of that unchallenged independent ground . . . and thus . . . any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Lesher v. Doescher*, No. 02-12-00360-CV, 2013 WL 5593608, at *2–3 (Tex. App.—Fort Worth Oct. 10, 2013, pet. denied) (mem. op.) (applying the same rule upon reviewing a trial court's granting of a judgment notwithstanding a verdict and stating that we are "restricted to addressing the arguments actually raised, not those that might have been raised").

Because Foster's argument under section 101.106(e) could have fully supported the trial court's order granting her plea to the jurisdiction and because appellant has not challenged that argument on appeal, we must affirm the trial court's order as it pertains to Foster without reaching the merits of appellant's other arguments concerning her. *See City of Mont Belvieu*, 222 S.W.3d at 519; *Fox*, 224 S.W.3d at 307; *Britton*, 95 S.W.3d at 681. Thus, we overrule appellant's second and third issues to the extent that they concern the trial court's order granting Foster's plea to the jurisdiction.

### The Promissory Estoppel Claim Against AISD

As against AISD, appellant's third amended petition—her live pleading at the time of the trial court's judgment—contained only a promissory estoppel claim based on Kemp's alleged statement in the hospital. In appellees' plea to the jurisdiction, which they filed before appellant filed her third amended petition, they argued that the trial court lacked jurisdiction over the now-defunct negligence claim because AISD had immunity from it. During the trial court's hearing, which occurred after appellant filed her third amended petition, the parties presented arguments concerning the trial court's jurisdiction over appellant's promissory estoppel claim. We will consider whether AISD is immune from appellant's promissory estoppel claim even though the plea to the jurisdiction did not explicitly address that claim. *See Tex. Dep't of Criminal Justice—Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) ("[I]f a governmental entity has asserted in the trial court that it is immune

9

and a plaintiff fails to allege or show facts demonstrating a waiver of immunity after having a reasonable opportunity to . . . amend the pleadings, then the case should be dismissed."); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) (holding similarly); *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 394–95 (Tex. App.—Fort Worth 2008, no pet.) (addressing a city's immunity from a claim that was pled for the first time after the city filed its plea to the jurisdiction).

Governmental immunity protects political subdivisions of the State, including school districts, from lawsuits for damages. *Lewisville ISD v. CH Townhomes, Inc.*, 346 S.W.3d 21, 22 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)). "Governmental immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues:  whether the State has consented to suit and whether the State has accepted liability.  Immunity from suit is jurisdictional and bars suit unless the State expressly waives immunity or consents to the suit." *Id.* at 22–23 (citation omitted); *see Mullins v. Dallas ISD*, 357 S.W.3d 182, 185 (Tex. App.—Dallas 2012, pet. denied) ("In general, school districts . . . are immune from suit and liability unless the legislature expressly waives sovereign immunity.").

A plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity.  *Nunez v. City of Sansom Park*, 197 S.W.3d 837, 840 (Tex. App.—Fort Worth 2006, no pet.).  The supreme court has long

recognized that it is the legislature's sole province to waive or abrogate immunity. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 857 (Tex. 2002) (declining to adopt a waiver-by-conduct exception to the sovereign-immunity rule).

Appellant recognizes these principles; she acknowledges that she has the burden to show that the "court has jurisdiction to hear the lawsuit under . . . [a] statute that waives immunity from suit." But she does not direct us to a statute that waives AISD's immunity from her promissory estoppel claim. Instead, in her first two issues, she contends that AISD lacks immunity because it was performing proprietary acts rather than governmental acts, because justice requires the application of estoppel, because AISD waived its immunity through conduct, and because Kemp acted outside of AISD's statutory authority when talking to appellant. We cannot agree.

Appellant acknowledges that as "a general rule, the doctrine of estoppel does not apply against a unit of government in the exercise of its governmental functions." Governmental units exercising governmental functions, as opposed to propriety functions, are generally not subject to estoppel. *See Leeco Gas & Oil Co. v. Nueces Cnty.*, 736 S.W.2d 629, 630 (Tex. 1987); *see also Georgetown Waterpark, Ltd. v. City of Georgetown*, No. 03-02-00266-CV, 2002 WL 31833727, at *2 (Tex. App.—Austin Dec. 19, 2002, no pet.) (not designated for publication) (stating that a governmental unit's performance of a governmental function is "decisive" on the unit's immunity from a claim based on estoppel).

11

Appellant contends that AISD was performing proprietary functions when Kemp allegedly said that AISD would address the injuries sustained by A.W. But state and federal courts, including our own, have repeatedly held that Texas school districts never perform proprietary acts. *See Gravely v. Lewisville ISD*, 701 S.W.2d 956, 957 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) ("[I]t is hard to conceive of any school sponsored . . . activity which would be held by the courts to be proprietary in character instead of governmental. . . . No Texas appellate court, so far as we know, has ever held that a school district has served in a non-governmental capacity."); *see also Jett v. Dallas ISD*, 837 F.2d 1244, 1248 n.3 (5th Cir. 1988) (op. on reh'g), *aff'd in part, remanded in part*, 491 U.S. 701 (1989); *Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa ISD*, 913 F. Supp. 2d 305, 309 (S.D. Tex. 2012) ("As a school district, EEISD performs no proprietary functions."); *Fowler v. Tyler ISD*, 232 S.W.3d 335, 339 (Tex. App.—Tyler 2007, pet. denied) (holding that a school district "could not, as a matter of law, have been acting in a sufficiently proprietary capacity to shed its sovereign immunity"); *Stout v. Grand Prairie ISD*, 733 S.W.2d 290, 296 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) ("Since a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state, it performs no proprietary functions that are separate from governmental functions."), *cert. denied*, 485 U.S. 907 (1988); *Braun v. Trustees of Victoria ISD*, 114 S.W.2d 947, 950 (Tex. Civ. App.—San Antonio 1938, writ ref'd) ("Cities and towns exercise a dual function, to wit, governmental and proprietary, while a school district is

12

purely a governmental agency and exercises only such powers as are delegated to it by the state. It performs no proprietary functions . . . .").

Appellant contends that there is "support for the argument that a school district can engage in proprietary functions,"[10] but she does not direct us to any case in which a court held that a school district did so. Thus, based on our precedent and the other persuasive cases cited above, we hold that AISD could not have engaged in a proprietary function through Kemp's alleged statement to appellant.

Next, appellant argues that even if AISD exercised a governmental function through Kemp's alleged statement, estoppel may still apply because "justice requires" it. In *City of Hutchins v. Prasifka*, the supreme court held that a "*municipality* may be estopped in those cases where justice requires its application, and there is no interference with the exercise of its governmental functions. But such doctrine is applied with caution and only in exceptional cases where the circumstances clearly demand its application to prevent manifest injustice." 450 S.W.2d 829, 836 (Tex. 1970) (emphasis added). Courts have declined, however, to apply the *Prasifka* exception to entities other than

---

[10]Some cases, seizing one phrase contained in a 1978 supreme court opinion, have expressed doubt about whether school districts can never perform proprietary functions. *See, e.g.*, *Galveston ISD v. Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d 802, 809 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978)). We have not found any case, however, holding that a particular function performed by a school district was proprietary.

13

municipalities.  *See Nkansah v. Univ. of Tex. at Arlington*, No. 02-10-00322-CV, 2011 WL 4916355, at *4 (Tex. App.—Fort Worth Oct. 13, 2011, pet. denied) (mem. op. on reh'g) ("UTA is not a municipality, and we see no reason to extend [the *Prasifka*] exception to UTA under the facts of this case."); *see also Donna ISD v. Gracia*, 286 S.W.3d 392, 396 (Tex. App.—Corpus Christi 2008, no pet.) ("The [*Prasifka*] exception is narrow and has been applied to municipalities in zoning and permitting cases where sovereign immunity was not a central issue. It has not been applied to cases involving school districts and implicating sovereign immunity." (citations omitted)); *Hudspeth v. Chapel Hill ISD.*, No. 03-06-00243-CV, 2007 WL 1647818, at *4 (Tex. App.—Austin June 8, 2007, no pet.) (mem. op.) (limiting the exception to municipalities).

Also, even if the *Prasifka* exception could apply to school districts, we conclude that it should not apply here.  S*ee Argyle ISD ex rel. Bd. of Trustees v. Wolf*, 234 S.W.3d 229, 242 (Tex. App.—Fort Worth 2007, no pet.) ("The court, not the jury, determines whether the exception applies.").  The supreme court has explained that the exception should apply when an entity's deliberate action induces "a party to act in a way that benefit[s] the [entity] but prejudice[s] the party." *City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 775 (Tex. 2006).  Appellant's third amended petition does not explain how Kemp's alleged statement impacted her or AISD's positions in the litigation.  For example, she does not allege that the statement caused delay and a loss of her opportunity to

14

bring claims against AISD or Foster or that she incurred more medical expenses after Kemp's statement than she would have incurred without it.

Therefore, we hold that the *Prasifka* exception does not apply to waive AISD's immunity from appellant's promissory estoppel claim.

Appellant further contends that AISD waived immunity through its conduct. But in recent years, the supreme court and other appellate courts have consistently rejected waiver-by-conduct arguments with respect to sovereign or governmental immunity. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Univ. of N. Texas v. City of Denton*, 348 S.W.3d 44, 55 n.15 (Tex. App.—Fort Worth 2011, no pet.); *see also Gentilello v. Univ. of Tex. Sw. Health Sys.*, No. 05-13-00149-CV, 2014 WL 1225160, at *5 (Tex. App.— Dallas Mar. 24, 2014, no pet. h.) (mem. op.) ("We decline to establish a waiver-by-conduct exception to sovereign immunity for any cause of action, whether based on a breach of contract or not.").[11]  Thus, we conclude that AISD did not waive its governmental immunity by conduct through Kemp's alleged statement in the hospital.

Finally, appellant argues that AISD cannot maintain immunity because there "exists no statutory authority for AISD . . . to settle a claim."  Appellant does

---

[11]Appellant appears to recognize that immunity cannot be waived in contract cases through an entity's conduct, but she argues that immunity can be waived for other claims.

not cite authority, however, establishing that AISD lacks authority to settle claims against it. Furthermore, appellant does not cite authority establishing that an act outside of an entity's authority automatically results in a waiver of the entity's immunity from a suit for damages.[12]

For all of these reasons, we hold that despite amending her pleading after AISD filed its plea to the jurisdiction, appellant has not articulated any basis upon which we could conclude that AISD's immunity has been waived. *See Nunez*, 197 S.W.3d at 840. We hold that the trial court correctly determined that it lacked subject matter jurisdiction over appellant's promissory estoppel claim, and we overrule her first two issues. *See Big Rock Investors Ass'n*, 409 S.W.3d at 848; *Gracia*, 286 S.W.3d at 395–96. Because the trial court's order may be affirmed on the basis of AISD's immunity, we decline to address appellant's third issue, which concerns whether she exhausted administrative remedies before suing AISD. *See* Tex. R. App. P. 47.1; *BNSF Ry. Co. v. Wipff*, 408 S.W.3d 662, 669 (Tex. App.—Fort Worth 2013, no pet.).

---

[12]We note that a successful plaintiff in an ultra vires suit may obtain declaratory or injunctive relief but may not recover retrospective monetary relief. *See Parker v. Hunegnaw*, 364 S.W.3d 398, 403 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Heinrich*, 284 S.W.3d at 373–76).

16

## Conclusion

Having overruled appellant's dispositive issues, we affirm the trial court's order granting appellees' plea to the jurisdiction.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MCCOY, JJ.

DELIVERED:  June 12, 2014