

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00204-CV

———————————————

MARY CHIROO OGAMBA, EVANS OGAMBA MOKAYA, AND
LIZ NYAISAWA OGAMBA, Appellants

V.

JPS HEALTH NETWORK D/B/A TARRANT COUNTY HOSPITAL DISTRICT,
Appellee

---

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-348071-23

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Mary Chiroo Ogamba and several members of her immediate family (the Ogambas) filed the present suit against Appellee JPS Health Network, alleging that a surgeon at JPS's hospital—Dr. Garcia—failed to obtain Mary's informed consent and thus committed assault and battery when he operated on her. The Ogambas later amended their petition to add Dr. Garcia as a defendant and filed a motion to the same effect, but Dr. Garcia was never served, and the trial court never ruled on the motion. Meanwhile, JPS moved for dismissal on procedural and jurisdictional grounds, and the trial court granted both motions without specifying a basis for its rulings.

The Ogambas appeal pro se, complaining of the trial court's failure to rule on their motion to add Dr. Garcia, of the deplorable nature of Dr. Garcia's actions, and of some—but not all—of the grounds supporting the dismissal of their claims against JPS. The Ogambas were not required to obtain leave to add Dr. Garcia, though, and they cannot blame the trial court for their failure to effectuate his addition by serving him with process. Either way, Dr. Garcia was not a party to the judgment, so this appeal does not concern the Ogambas' potential claims against him.

Rather, this appeal concerns the Ogambas' claims against JPS. And because the Ogambas do not challenge all of the grounds independently supporting the judgment in favor of JPS, we will affirm.

# I. Procedural Background

After the Ogambas filed suit against JPS, and well in advance of any trial setting,[1] they amended their petition to list Dr. Garcia as a defendant.[2] The amended petition neither provided contact information for Dr. Garcia, nor sought the issuance of a citation or service of process on him. And when the Ogambas supplemented their amended petition a few days later, the supplemental petition again did not provide contact information for or request service on Dr. Garcia. There is no indication that the doctor was ever served with the Ogambas' lawsuit, and he never appeared or filed an answer in the case.

JPS, however, did file an answer. As to JPS, the Ogambas' amended petition alleged that the hospital was liable for Dr. Garcia's assault and battery—the alleged intentional torts resulting from his failure to obtain informed consent prior to Mary's surgery. JPS responded by (1) moving for dismissal due to the Ogambas' failure to serve an expert report, *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.351; and (2) filing a plea to the jurisdiction arguing that the Ogambas had failed to provide notice of their claim; that JPS could not be held liable for Dr. Garcia's alleged misdeeds because he was not its employee; and that the Ogambas' claims were not within the scope of the

---

[1]The record does not reflect a trial setting at any point.

[2]The Ogambas represented themselves in the trial court, and their pleadings did not bear traditional titles or labels. Our characterization of the Ogambas' amended and supplemental petitions is based on the content of those documents.

Texas Tort Claims Act's immunity waiver because the claims stated intentional torts and did not involve the use of tangible personal property, *see id.* §§ 101.021(2), .057(2), .101. The Ogambas protested that (1) no expert report was required; (2) JPS did, in fact, receive notice; and (3) JPS had not informed them that Dr. Garcia was not an employee.[3] The trial court granted JPS's motion to dismiss and plea to the jurisdiction without specifying a basis for its orders.

The Ogambas also filed a motion to add Dr. Garcia to the case—despite having already included him in their previously filed amended petition. But like the Ogambas' amended and supplemental petitions, the motion lacked any contact information for Dr. Garcia or any request for service. The trial court never ruled on the motion.

## II. Discussion

The Ogambas' primary appellate complaints relate to Dr. Garcia—the trial court's failure to add him and the reprehensible nature of his actions—with only a few passing references to the legal grounds for dismissal of their claims against JPS.[4]

---

[3]At the dismissal hearing, the Ogambas argued that JPS was required to inform them that Dr. Garcia was not an employee and that this was another example of the failure to obtain informed consent. They repeat this argument in portions of their appellate brief as well. But the only claims in their petition were assault and battery, and the Ogambas have repeatedly emphasized—in the trial court and on appeal—that they were pursuing only these intentional tort claims.

[4]The Ogambas' appellate brief lacks a list of issues presented and a statement of the case, recites the factual background without any record citations, presents the Ogambas' arguments with very few references to legal authority, and improperly

4

**A.    The trial court cannot be blamed for the failure to add Dr. Garcia.**

First, the Ogambas complain of the trial court's "decision not to respond to [their] motion to add a new defendant," arguing that the trial court erred by failing to rule. But the Ogambas were not required to obtain leave from the trial court to amend their petition and add Dr. Garcia as a defendant.[5] *See* Tex. R. Civ. P. 63; *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (confirming Texas Rule of Civil Procedure 63's intent "to authorize amendment without leave of court if it is filed 'seven days or more before the date of trial'" (quoting Tex. R. Civ. P. 63 cmt.)); *Shelby v. James*, No. 02-20-00052-CV, 2021 WL 4319706, at *4 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.) (citing *Sosa* and holding that plaintiff was not required to seek leave from trial court to file amended protective order application). The Texas

---

includes a screenshot of a document that is outside the appellate record. *See* Tex. R. App. P. 38.1(d), (f), (g), (i). Such inadequate briefing could serve as an independent basis to affirm the trial court's judgment. *See Perkins v. Hicks*, No. 02-19-00207-CV, 2020 WL 7393334, at *1–2 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (per curiam) (mem. op.). But despite this inadequate briefing, we will address the merits of the Ogambas' appeal. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (recognizing that "an appellate court has some discretion to choose [to] deem[] a point waived"); *see also St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020) (reiterating that appellate courts "should reach the merits of an appeal whenever reasonably possible").

[5]The Ogambas did not seek leave from the trial court until a month after they listed Dr. Garcia in their amended petition. JPS did not object to the amended petition as a surprise, nor did the trial court strike the pleading. *See* Tex. R. Civ. P. 63 (authorizing amendment of pleadings "at such time as not to operate as a surprise to the opposite party"). To the contrary, both JPS and the trial court acknowledged the amended petition as operative.

Rules of Civil Procedure already conferred upon the Ogambas the relief they sought from the trial court, so the Ogambas' motion was unnecessary and the trial court's failure to rule on it was inconsequential.

At any rate, the specific cause of the Ogambas' discontent appears to lie elsewhere, as the substance of their argument focuses less upon the trial court's failure to rule on their motion than the trial court's failure to effectuate service of process on Dr. Garcia. But the Ogambas cannot lay blame for the failure to serve Dr. Garcia at the trial court's feet—obtaining service on Dr. Garcia was the Ogambas' responsibility, not the trial court's. *See* Tex. R. Civ. P. 99(a) (providing that clerk shall issue a citation "when requested" and that "[t]he party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition"). Despite the Ogambas' expression of desire to have Dr. Garcia included in the case (by moving to add Dr. Garcia as a defendant and by reurging this motion in their written and oral responses to JPS's plea), no one stood in their way of accomplishing this. Almost two months passed between the filing of their amended petition—which included Dr. Garcia as a party—and the trial court's dismissal of their claims against JPS. During those two months, the Ogambas never provided his address for service, requested the issuance of citation, or sought substituted service on him. Dr. Garcia was never served with citation, and the record contains no indication that the Ogambas had taken any steps to serve him such that they could reasonably expect service would occur. Thus, at the time the dismissal order was signed, Dr. Garcia had been

effectively nonsuited. *See Kidwell v. Black*, 104 S.W.3d 686, 689 (Tex. App.—Fort Worth 2003, pet. denied) (holding that unserved defendants were effectively nonsuited despite plaintiff's insistence that they were necessary parties and recognizing rule that "when a named defendant is not served with process and does not file an answer, and when the plaintiff fails to exhibit any indication that he expects to obtain service over the defendant, the defendant is considered to have been nonsuited"). Because, in the end, Dr. Garcia was not served and was effectively nonsuited from the case, he is not a party to the dismissal judgment before us. *See id.* The judgment about which the Ogambas complain dismisses the claims against JPS—not Dr. Garcia—and the Ogambas have not explained how Dr. Garcia's presence in the case would have undermined the legal grounds for JPS's dismissal.

**B.      The merits of Dr. Garcia's actions are not at issue in this appeal.**

The same goes for the Ogambas' next appellate argument.

The Ogambas dedicate the majority of their appellate brief to reciting Dr. Garcia's alleged misdeeds and to explaining why those actions were improper, but they fail to explain how such misdeeds undermine the granting of JPS's motion to dismiss. Even if we assume that all of their factual allegations are true, the allegations go to the merits of the Ogambas' claims, and the trial court did not rule on the merits; it dismissed the Ogambas' claims on procedural and jurisdictional grounds. The Ogambas' allegations that Dr. Garcia committed atrocities say nothing about the Ogambas' satisfaction of the statutory expert report requirement, about JPS's notice

of the Ogambas' claims, about Dr. Garcia's status as a JPS employee, or about whether the Ogambas' assault and battery claims fall under the Texas Tort Claims Act. These are the legal grounds relied upon by the trial court to dismiss the Ogambas' claims against JPS, and again, that dismissal judgment is what is at issue in this appeal.

**C.      The Ogambas do not challenge all grounds supporting the dismissal.**

Turning to the dismissal judgment itself, we must affirm the dismissal of the Ogambas' claims against JPS if there is any unchallenged ground supporting the judgment. *See Bogan v. Denton Cnty. Dist. Att'y*, No. 02-19-00264-CV, 2019 WL 7407738, at *2 (Tex. App.—Fort Worth Dec. 31, 2019, no pet.) (mem. op.) (affirming order granting plea to the jurisdiction based on unchallenged ground and explaining that "[i]f an unchallenged ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that ground, then this court must accept the validity of that unchallenged ground, and . . . we must affirm"); *S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.) (similar).

Here, the Ogambas dispute some of the grounds supporting the judgment—such as the expert report requirement and whether JPS received notice of their claims—but they leave other grounds for the judgment unchallenged. In particular, the Ogambas do not so much as mention the trial court's implied conclusions that the Texas Tort Claims Act does not apply because (1) the Act does not extend to assault

8

and battery claims and (2) the Ogambas' claims do not involve the use of tangible personal property. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2) (waiving sovereign immunity for damages "caused by a condition or use of tangible personal or real property" under certain conditions), .057(2) (excluding from immunity waiver claims "arising out of assault, battery, . . . or any other intentional tort"); *see also Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Bustillos*, 556 S.W.3d 394, 403–04 (Tex. App.—El Paso 2018, no pet.) (recognizing that "a physician who provides treatment without consent commits a battery" and the TTCA "does not waive sovereign immunity for the intentional torts of assault and battery," nor do "claims regarding the failure to receive informed consent fall within a waiver provision"). These unchallenged grounds are sufficient to fully support the dismissal judgment, so we "must accept the validity of th[e] unchallenged ground[s], and . . . affirm." *Bogan*, 2019 WL 7407738, at *2 (affirming order granting pleas to the jurisdiction on unchallenged ground).

## III. Conclusion

We affirm the trial court's dismissal of the Ogambas' claims against JPS. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 14, 2024

9